UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-54 |
| | § | |
| ROBERT E. WEBB, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Robert E. Webb (Defendant), entered into two student loan agreements with the United States (Plaintiff). Defendant failed to repay the loans, and Plaintiff filed suit to collect the money owed it. Plaintiff now requests a default judgment against Defendant.

### STANDARD

When a party against whom a judgment for affirmative relief is sought has failed to plead or to otherwise defend, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a). The court may enter a default judgment, and the party entitled to such judgment shall apply to the court therefor. FED. R. CIV. P. 55(b)(2).

To succeed in action against a borrower on a defaulted student loan, the government must show: (1) the borrower is the person who issued note; (2) the government owns the note; and (3) the note is unpaid. *United States v. Durbin*, 64 F.Supp.2d 635, 636 (S.D. Tex. 1999). In addition to the unpaid amount, the lender may collect attorney's fees under state and federal law. *Id.* Federal law also allows reasonable administrative and collection costs. *Id.*

### ANALYSIS

Plaintiff submitted a certificate of indebtedness establishing that Defendant issued two promissory notes to Plaintiff, Plaintiff owns the notes, and that as of June 22, 1999, the notes are

1

unpaid. *Compl.*, Exhibit A, B. Defendant waived service of summons, and has not filed an answer. *Waiver of Service of Summons,* May 10, 2000. Plaintiff filed an entry of default with the clerk of this court. *Entry of Default,* June 30, 2000. As such, Plaintiff is entitled to collect the money owed it.

Plaintiff filed an affidavit in support of the amount of attorney's fees they claim. *Mot. for Default J.*, Attorney's Fees Affidavit p 1-2. Thus, Plaintiff is entitled to collect attorney's fees.

Therefore, default judgment should be entered in favor of Plaintiff in the following Amounts:

Debt No. 1:

| | | | |
|---|---|---|---|
| 1. | Principal | $ | 3,453.00 |
| 2. | Interest | $ | 6,474.96 |
| 3. | Administrative fees, costs, penalties | $ | 8.02 |

Debt No. 2:

| | | | |
|---|---|---|---|
| 4. | Principal | $ | 2,625.00 |
| 5. | Interest | $ | 4,141.83 |
| 6. | Administrative fees, costs, penalties | $ | 8.02 |
| 7. | Attorney's fees | $ | 600.00 |
| 8. | TOTAL | $ | 17,310.83 |

## RECOMMENDATION

For reasons set forth above, Plaintiff's Motion for Default Judgment should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 2d day of August, 2000.

                                                  Felix Recio
United States Magistrate Judge

3

ClibPDF - www.fastio.com